UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2002 SEP 23 ℗ 3: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

Galen M. Robbins,
as he is a Member of the
Woods Hole, Martha's Vineyard and
Nantucket Steamship Authority,

      Plaintiff

vs.

Troy B. G. Clarkson, Edward Marks, Jr.,
Carey M. Murphy, and Virginia Valiela,
individually and as they are Members
of the Board of Selectmen of the Town
of Falmouth, Massachusetts,

      Defendants

**02 - 11866 MLW**

Civil Action
No.

RECEIPT # 42055
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. SPS
DATE 9/23/02

## Complaint

Galen M. Robbins complains of the defendants as set forth below.

### Parties

1.    Galen M. Robbins (Mr. Robbins) is a resident of the Commonwealth of Massachusetts and resides at 15 Acorn Drive, Falmouth, in this District.

2.    Troy B. G. Clarkson is a resident of the Comonwealth of Massachusetts and resides at 29 North Hill Drive, Falmouth, in this District.  Mr. Clarkson is the chairman of the Board of Selectmen of the Town of Falmouth, Massachusetts.

3.    Edward Marks, Jr., is a resident of the Commonwealth of Massachusetts and resides at 69 Perch Pond Circle, Falmouth, in

this District.  Mr. Marks is a member of the Board of Selectmen
of the Town of Falmouth, Massachusetts.

4.    Carey M. Murphy is a resident of the Commonwealth of
Massachusetts and resides at 120 Ostrom Road, Falmouth, in this
District.  Mr. Murphy is a member of the Board of Selectmen of
the Town of Falmouth, Massachusetts.

5.    Virginia Valiela is a resident of the Commonwealth of
Massachusetts and resides at 193 Old Main Road, Falmouth, in this
District.  Ms. Valiela is a member of the Board of Selectmen of
the Town of Falmouth, Massachusetts.

### Jurisdiction

6.    This Court has subject matter jurisdiction over
Mr. Robbins's claims against the defendants pursuant to
28 U.S.C. § 1331 and § 1367 as the plaintiff's claims arise under
the Constitution and laws of the United States and the
Constitution and laws of the Commonwealth of Massachusetts.

### Factual Allegations

7.    Mr. Robbins is a Member of the Woods Hole, Martha's
Vineyard and Nantucket Steamship Authority (the Steamship
Authority).  On 27 August 2001, he was duly appointed, pursuant
to St. 1960, ch. 701, § 3, Mass. Gen. Laws. Ann. ch. 159 App.,
§ 1-3 (Supp. 2002), to his position by the Board of Selectmen of
the town of Falmouth to complete the unexpired remainder of a
three-year term.

8.    The Steamship Authority is an independent public
corporate instrumentality of the Commonwealth of Massachusetts
existing pursuant to St. 1960, ch. 701, as amended, Mass. Gen.
Laws. Ann. ch. 159 App. (1992 & Supp. 2002).  The Steamship
Authority operates passenger and freight service between the
mainland and the islands of Nantucket and Martha's Vineyard
within the Commonwealth.

9.    On various occasions, the defendants have purported to
direct Mr. Robbins to perform his service as a Member of the
Steamship Authority in a particular manner.  Indeed, the de-
fendants have stated to Mr. Robbins that he must act as a Member
as they direct; specifically, that he must vote as they direct
with respect to important matters of public concern.

10.    Mr. Robbins has consistently denied that the defendants
may compel him to vote as a Member in a particular manner or
otherwise constrain his right freely to express his opinions as
to matters of public concern.

11.    At their meeting on 12 August 2002, the defendants
voted to commence proceedings to remove Mr. Robbins from his
office as a Member of the Steamship Authority for cause.  A copy
of the notice that Mr. Robbins received to this effect is
attached to this complaint as an exhibit and marked "A."

12.    The defendants have no lawful cause to remove
Mr. Robbins.  Mr. Robbins has performed his duties as a Member of
the Steamship Authority properly and faithfully, and the asser-

tions to the contrary set forth in Exhibit A are baseless.  In
particular, he has voted as a Member according to his own assess-
ment of the merits of the various matters that have come before
him, in good faith, and in the best interests of the Steamship
Authority as he has determined them to be.

13.  The sole substantial reason that the defendants seek to
remove Mr. Robbins from his office as a Member of the Steamship
Authority is that he has declined to vote as the defendants have
directed.  Exhibit A, ¶ 1.

14.  As a result of the defendants' unlawful conduct,
Mr. Robbins faces the threat of imminent and irreparable injury
for which he has no adequate remedy at law.

### Statement Of Claims

Claim I
Violation Of The First Amendment

15.  Mr. Robbins is entitled as a matter of constitutional
right to vote as a Member of the Steamship Authority in
accordance with his own determination of the merits of the
particular issues that come before him, and the defendants may
not seek to constrain in advance or sanction after the fact his
exercise of his judgment or the expression, through his votes, of
his views as to important matters of public concern.

16.  As the sole substantial basis for the defendants' pro-
ceeding to remove Mr. Robbins from his office as a Member of the
Steamship Authority is their dissatisfaction with the votes that

he has cast, the defendants have violated and threaten to con-
tinue to violate the right of free expression guaranteed to
Mr. Robbins by the First Amendment to the Constitution of the
United States.

     17.   The defendants' conduct violates 42 U.S.C. § 1983.

Claim II
Violation Of The Constitution
Of The Commonwealth Of Massachusetts

     18.   Mr. Robbins is entitled as a matter of constitutional
right to vote as a Member of the Steamship Authority in
accordance with his own determination of the merits of the
particular issues that come before him, and the defendants may
not seek to constrain in advance or sanction after the fact his
exercise of his judgment or the expression, through his votes, of
his views as to important matters of public concern.

     19.   As the sole substantial basis for the defendants' pro-
ceeding to remove Mr. Robbins from his office as a Member of the
Steamship Authority is their dissatisfaction with the votes that
he has cast, the defendants have violated and threaten to con-
tinue to violate the right of free expression guaranteed to
Mr. Robbins by arts. 16 and 19 of the Declaration of Rights of
the Constitution of the Commonwealth of Massachusetts.

### Claim III
### Violation Of Massachusetts Civil Rights Act

20. The defendants, through the use of threats, intimidation, or coercion, have interfered and are attempting to continue to interfere with Mr. Robbins's exercise of his rights under the Constitution and laws of the United States and the Commonwealth of Massachusetts.

21. The defendants' conduct violates Mass. Gen. Laws Ann. ch. 12, § 11I (2002 ed.).

### Claim IV
### No Lawful Cause For Removal

22. The grounds that the defendants have set forth in their notice to Mr. Robbins of the commencement of proceedings to remove him from his office as a Member of the Steamship Authority are insufficient in law.

### Claim V
### Unlawful Procedure

23. The proceedings that the defendants have commenced in order to remove Mr. Robbins from his office as a Member of the Steamship Authority are unlawful and threaten to deprive Mr. Robbins of his rights to due process of law guaranteed to him under the Constitution of the United States and the Constitution and laws of the Commonwealth of Massachusetts.

24. The defendants' conduct violates 42 U.S.C. § 1983 and Mass. Gen. Laws Ann. ch. 12, § 11I (2002 ed.).

## Requests For Relief

WHEREFORE, plaintiff Galen M. Robbins requests that the Court:

1.    After hearing, enter a temporary restraining order restraining the defendants from taking any further action to remove Mr. Robbins from his office as a Member of the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority;

2.    After hearing, enter a preliminary injunction enjoining the defendants from taking any further action to remove Mr. Robbins from his office as a Member of the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority pending trial on the merits;

3.    After hearing, grant judgment for Mr. Robbins:

     a.    declaring that the defendants may not proceed to remove him from his office as a Member of the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority on the grounds set forth in Exhibit A; and,

     b.    permanently enjoining them from doing so;

4.    After trial, award Mr. Robbins his damages, both actual and punitive, in such amount as the trier of fact determines just;

5.    Award Mr. Robbins his costs of this action, including his reasonable attorneys' fees; and,

8

6.   Grant such other or further relief as the Court
determines just.

Plaintiff demands trial by jury.

by his attorneys,

Paul W. Johnson
BBO No. 252820
Garrick F. Cole
BBO No. 091340

Smith & Duggan LLP
Suite 620
Two Center Plaza
Boston, Massachusetts   02108-1906
617 248 1900

Dated:   23 September 2002



# Town of Falmouth

### OFFICE OF SELECTMEN & ADMINISTRATOR

59 TOWN HALL SQUARE, FALMOUTH, MASSACHUSETTS 02540
TELEPHONE (508) 495-7320
FAX (508) 457-2573

Mr. Galen M. Robbins
15 Acorn Drive
Falmouth, MA 02540

Dear Mr. Robbins:

Please be advised that the Board of Selectmen, acting under its authority as provided by Massachusetts General Law Chapter 159, App. Section 1-3 (as amended), has scheduled a hearing for the purpose of considering disciplining or dismissing you as the Town's appointed member of the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (SSA). Said hearing has been scheduled for October 3, 2002 at 6:00 P.M. at the Falmouth Town Hall. The Selectmen may vote to hold the hearing in executive session, but you have the right to request the hearing be held in open session. Your attention is directed to G.L. Chapter 39, section 23B for further details. You have the right to be represented by counsel.

The reasons for considering your removal as the Town's appointed member of the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority are as follows:

1.    The Board has established goals and policies for the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority which set forth the policy objectives with respect to the major issues and concerns of the community as they relate to parking, traffic, community character, safety and growth, as well as the financial viability of the Steamship Authority. It is alleged that your public statements and actions as a member of the Steamship Authority you have consistently acted in a manner that is contrary to the established goals and policies of the Board of Selectmen.

    a.    At the October 18, 2001 meeting of the SSA Board of Governors you voted against proceeding with a 3 year high speed, passenger only, seasonal ferry service from New Bedford to Martha's Vineyard.

    b.    At the November 15, 2001 meeting of the SSA Board of Governors you moved that the SSA proceed with the implementation of a 2 year high speed, passenger only, seasonal ferry service from New Bedford to Martha's Vineyard subject to a number of conditions, all of which were to be satisfied by December 20, 2001, and then at the December 20, 2001 meeting, you abstained from a vote to extend the time

EXHIBIT A

for satisfaction of conditions to January 7, 2002 thereby defeating the fast ferry pilot program for the 2002 season.

c.      In May, 2002 you were quoted in the Falmouth Enterprise as being opposed to including the "fast ferry" and "New Bedford" in a survey saying "you are guiding the survey to a predetermined conclusion.  If we start with that vision [New Bedford service] you are not going to get a true objective read from customers."

d.      After the Board of Selectmen's vote on May 21, 2002 to endorse a 5 member Board of Governors for the SSA, including New Bedford as a voting member, you are quoted in the Falmouth Enterprise as saying of the board "They are making an enormous mistake' and further "service out of New Bedford has already cost the authority a loss of $1.5 million and it is going to continue."

e.      On June 14, 2002 you are quoted in the Falmouth Enterprise as saying "New Bedford is not financially viable."

f.      At a Selectmen's meeting on August 5, 2002 you admitted that you disagreed with pending legislation to expand the SSA Board of Governors to 5 members including voting membership for New Bedford and Barnstable.  Later at the meeting, when discussing your disagreement with the pending legislation, you remarked to the Board of Selectmen, "I will not be directed to do a bad decision, that makes no sense."

2.      Section 3.5 of the goals for the appointed member states, "The member shall consult with the Town of Falmouth's elected representative to the Financial Advisory Board of the Steamship Authority". It is alleged that to this date you have failed to consult with the Falmouth representative to the Financial Advisory Board of the Steamship Authority.

3.      In your interview during the selection process conducted by the Board of Selectmen in order to fill the position of Member to the Steamship Authority you indicated a strong willingness to carry out the goals and policies adopted by the Selectmen with respect to the Steamship Authority.   It is alleged that had you indicated a the time your true intentions of working contrary to the goals and polices of the Board of Selectmen, you would not have been selected to fill the unexpired term as a member of the Steamship Authority.

4.      You have failed to keep the Board of Selectmen informed in a timely manner of SSA affairs and particularly of the status of Mr. Raskin as CEO.  It was reported that the SSA Board of Governors met in executive session to discuss his termination in July, 2002.  In a subsequent report to

the Board of Selectmen you denied this but also admitted that his longevity as CEO was tenuous.

5.     It is alleged that after the Selectmen's meeting of August 5, 2002, at the Town Hall, you did make profanity-laces public statements concerning citizens and organizations in the Town of Falmouth who disagree with your acts as representative of the Town to the Steamship Authority.

Sincerely,

Robert L. Whritenour, Jr.
Town Administrator

cc:     Town Counsel